IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCARLETT PAVLOVICH,<br>　　*Plaintiff*,<br><br>　　v.<br><br>AMANDA PALMER,<br>　　*Defendant*. | No. 1:25-cv-10263-NMG<br><br>Motion for Leave<br>to File Granted on<br>June 26, 2025 [D.E. 25] |

**DEFENDANT AMANDA PALMER'S REPLY IN SUPPORT OF
MOTION TO DISMISS COUNTS 1 THROUGH 4 OF
PLAINTIFF SCARLETT PAVLOVICH'S COMPLAINT BECAUSE
THE TRAFFICKING VICTIMS PROTECTION ACT DOES NOT APPLY
<u>EXTRATERRITORIALLY TO THE ALLEGED CONDUCT IN NEW ZEALAND</u>**

Daniel N. Marx, Esq. (BBO#674523)
William W. Fick, Esq. (BBO#650562)
Amy Barsky, Esq. (BBO#601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
DMARX@FICKMARX.COM
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

Dated: June 26, 2025

# **TABLE OF CONTENTS**

Introduction ................................................................................................................................... 1

Argument ...................................................................................................................................... 1

I.        Plaintiff disregards the plain text of the TVPA. .................................................................. 1

II.       Plaintiff ignores the strong presumption against extraterritorial application ...................... 2

III.      Plaintiff relies on distinguishable cases that involved claims against U.S. government employees and contractors and alleged conduct on U.S. government property. ................ 3

Conclusion .................................................................................................................................... 5

Certificate of Service .................................................................................................................... 6

i

## INTRODUCTION

By their terms, the civil remedy provision of the TVPA, 18 U.S.C. § 1595(a), does not provide for any extraterritorial application, and the extraterritorial jurisdiction provision, *id.* § 1596, does not apply to the civil remedy provision. To the extent the clear statutory text and scheme calls for any further judicial interpretation, there is a strong presumption against the extraterritorial application of all federal statutes, and Congress has not "affirmatively and unmistakably instructed" that the TVPA was intended to create a private right of action for foreign plaintiffs to sue in U.S. courts about alleged violations around the world. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255 (2010). Plaintiff fails to overcome that well-established presumption or to identify any precedent that supports her aggressive reading of the statute. She relies on distinguishable decisions that only permitted foreign plaintiffs to proceed with TVPA claims against U.S. government employees or contractors for alleged violations on U.S. government property, such as U.S. embassies or military bases. This case would be the first in which a foreign plaintiff was permitted to pursue TVPA claims against a private U.S. citizen concerning foreign conduct that had no U.S. connection whatsoever.

## ARGUMENT

### I.     Plaintiff disregards the plain text of the TVPA.

Plaintiff argues the "statutory language of the TVPA is clear" and authorizes any foreign individual to bring any TVPA claim in any U.S. court for any foreign conduct so long as any single defendant is "present in the United States," whatever his or her nationality or residence. D.E. 21 at 6-7. But § 1595, the civil remedy provision, says nothing about extraterritorial application. Meanwhile, § 1596, the "additional jurisdiction" provision, conspicuously omits § 1595 from its list of statutory cross-references. *See* 18 U.S.C. § 1596(a) (referencing the substantive offenses in §§ 1581, 1583, 1584, 1589, 1590, and 1591, but *not* the civil remedies in § 1595).

1

When repeatedly amending the TVPA, Congress "could have easily included § 1595 in § 1596, but it did not." *Doe v. Apple, Inc.*, No. 1:19-cv-03737 (CJN), 2021 U.S. Dist. LEXIS 237710, at *40 (D.D.C. Nov. 2, 2021). Plaintiff offers no reason, much less a persuasive one, to second-guess that congressional choice. *See id.* at 42 ("It is not for this Court to question that decision; especially as grants of extraterritorial jurisdiction are fraught with international-relations considerations, ones far outside the judicial role.").

Plaintiff also disregards the absurd results that would necessarily flow from her almost limitless reading of the TVPA. Even if Plaintiff, Ms. Palmer, and Neil Gaiman were all New Zealand citizens, and all the conduct at issue had occurred in New Zealand, Plaintiff contends that she would still be entitled to bring her TVPA claims in this District, if Ms. Palmer ever visited Massachusetts, even for a brief vacation, because Ms. Palmer would be "an alleged offender" who would then be "present in the United States." 18 U.S.C. § 1596(a)(2). According to Plaintiff, no more would be required to open the federal courts to this foreign dispute.

## II.    Plaintiff ignores the strong presumption against extraterritorial application.

The strong presumption against extra-territoriality is a fundamental principle of statutory interpretation, *see Morrison v. Nat'l Austrl. Bank Ltd.*, 561 U.S. 247, 255 (2010), and the "need to enforce the presumption is at its apex" when, as in this case, the question is whether Congress created *sub silentio* a private right of action concerning foreign conduct. *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 348 (2016). Yet, in her Opposition, Plaintiff fails to reckon with the critical fact that broadly authorizing foreign citizens to sue other foreign citizens in U.S. courts for foreign conduct that may violate civil or criminal laws in foreign countries would have significant—and potentially problematic—implications for foreign policy and international comity. Whatever the intended scope of the TVPA, Congress has given no clear indication that it

2

intended every local police matter (or employment dispute) around the world to be the subject of federal litigation in U.S. courts.

### III. Plaintiff relies on distinguishable cases that involved claims against U.S. government employees and contractors and alleged conduct on U.S. government property.

Without support in the statutory text, and facing the strong presumption against extraterritoriality, Plaintiff falls back on misleading claims about other TVPA cases. She erroneously asserts that courts have "routinely" permitted TVPA claims like hers to proceed in U.S. courts. D.E. 21 at 9. That is not true.

For starters, there are no cases in the First Circuit or the District of Massachusetts on the extraterritoriality of the TVPA. Nor is there any clear consensus among other courts, as Plaintiff incorrectly contends. Among the conflicting decisions, the ones that most closely resemble this case have *rejected* TVPA claims concerning foreign conduct.

With only one exception, all the cases on which Plaintiff relies are readily distinguishable, and by way of contrast, they undermine her position. Those cases involve two critical factors that are absent here: claims against U.S. government employees or contractors and alleged conduct on U.S. government properties or facilities.

- *Roe v. Howard*, 917 F.3d 229 (4th Cir. 2019), involved claims by a foreign worker against a U.S. government employee for forced labor and sex trafficking at the U.S. embassy and in U.S. government housing in Yemen.

- *United States ex rel. Hawkins v. ManTech Int'l Corp.*, No. 15-cv-2105 (ABJ), 2020 U.S. Dist. LEXIS 13733 (D.D.C. Sept. 27, 2024), and *Abernathy v. Carlyle Grp.*, No. 22-cv-3063 (ABJ), 2024 U.S. Dist. LEXIS 237526 (D.D.C. Sept. 27, 2024), companion decisions by Judge Jackson, involved claims by U.S. citizens against U.S. government contractors for forced labor at U.S. military facilities in Kuwait and Afghanistan.

- *Adhikari v. KBR Inc.*, No. 4:16-cv-2478, 2017 U.S. Dist. LEXIS 156691 (S.D. Tex. Sept. 25, 2017), and *Adhikari v. Dauod & Partners*, 994 F. Supp. 2d 832, 840 (S.D. Tex. 2014), *aff'd sub nom.*, *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184 (5th Cir. 2017), involved claims by Nepali workers that a U.S. government contractor participated in a fraudulent scheme to

3

>    traffic them to Iraq and obtain their forced labor for the U.S. government in the active war zone there.[1]
>
> - *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 198 (D. Md. 2019), involved claims by foreign workers against U.S. government contractors for forced labor at U.S. military facilities (and also passport confiscation) in Kuwait.

In all these cases, it was of "key importance" that the alleged TVPA violations were committed by U.S. government personnel, because the lawsuits "involve[] what is essentially an extension of the U.S. government abroad." *Abernathy*, 2024 U.S. Dist. LEXIS 237526, at *39 (citing *Roe*).

The lone exception to this consistent pattern is *Ratha v. Rubicon Resources, LLC*, 111 F.4th 946 (9th Cir. 2024), which involved forced labor claims by Cambodian workers in Thai factories that partnered with a private U.S. company to sell shrimp to Walmart. Plaintiff argues *Ratha* held "the civil remedy provision [of the TPVA] applied extraterritorially" for claims after 2008. D.E. 21 at 9. Not so. Following summary judgment for the defendants, the Ninth Circuit affirmed the denial of a Rule 60(b) motion by the plaintiffs. The appeal narrowly addressed the retroactivity of the 2008 amendments that added "attempt" to the "knowing benefit" provision of § 1595(a), not the extraterritorial application of that provision. In its 2024 decision, the Ninth Circuit noted that its 2022 decision in the same litigation had previously assumed *but not decided* that "§ 1595(a)'s civil remedy provision could be applied extraterritorially so long as the requirements of § 1596 were met." *Id.* at 954. Moreover, the Ninth Circuit has since vacated the 2024 decision on which Plaintiff still relies. *See Ratha v. Rubicon Res., LLC*, No. 23-55299, 2025 U.S. App. LEXIS 5101 (9th Cir. Mar. 4, 2025) (vacating and ordering rehearing *en banc*).

---

[1] Because events relevant to the *Adhikari* litigation occurred in 2004 and 2005, the decisions focused on the retroactivity of § 1596, not its applicability to claims with no U.S. connection. Indeed, the parties "d[id] not dispute" the extraterritoriality of the civil-remedies provision, 845 F.3d at 200, so the issue was not before the court.

4

Meanwhile, the cases on which Ms. Palmer relies and in which the court dismissed TVPA claims involved foreign plaintiffs, foreign conduct, and U.S. defendants—specifically, private companies—with no relevant connection to the U.S. government. *Mia v. Kimberly-Clark Corp.*, No. 1:22-cv-02353 (CJN), 2025 U.S. Dist. LEXIS 42876 (D.D.C. Mar. 10, 2025), and *Doe v. Apple, Inc.*, No. 1:19-cv-03737, 2021 U.S. Dist. LEXIS 237710 (D.D.C. Nov. 2, 2021), *aff'd on other grounds*, 96 F.4th 403 (D.C. Cir. 2022). As in those cases, where the alleged TVPA violations by private U.S. parties "took place far form this country's shores," the absence of any clear congressional indication of extraterritorial application for § 1595 is a "fatal fact" for this case.

Ms. Palmer is a U.S. citizen and current resident, but she has never been a U.S. government employee or contractor, and none of the alleged conduct in this case occurred in the U.S. or on U.S. government property, such as a U.S. embassy or military base. Thus, this case is far more "foreign" than ones like *Roe* or *Adhikari*. Absent any precedent, in the First Circuit or elsewhere, this Court should not be the first to entertain a completely foreign dispute among private citizens that involves no U.S. conduct or injury—and has no meaningful U.S. connection.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Counts 1 through 4 of the Complaint.

Respectfully submitted,

**AMANDA PALMER**

By her attorneys,

*/s/ Daniel N. Marx*
Daniel N. Marx, Esq. (BBO#674523)
William W. Fick, Esq. (BBO#650562)
Amy Barsky, Esq. (BBO#601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
DMARX@FICKMARX.COM
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

Dated: June 26, 2025

## CERTIFICATE OF SERVICE

I certify that this document and any attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 26, 2025.

*/s/ Daniel N. Marx*
Daniel N. Marx