IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCARLETT PAVLOVICH,<br>      *Plaintiff*,<br><br>      v.<br><br>AMANDA PALMER,<br>      *Defendant*. | No.  1:25-cv-10263-NMG<br><br>Motion for Leave<br>to File Granted on<br>June 26, 2025 [D.E. 25] |

**DEFENDANT AMANDA PALMER'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF SCARLETT PAVLOVICH'S COMPLAINT
ON THE BASIS OF *FORUM NON CONVENIENS***

Daniel N. Marx, Esq. (BBO#674523)
William W. Fick, Esq. (BBO #650562)
Amy Barsky, Esq. (BBO#601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
DMARX@FICKMARX.COM
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

Dated: June 26, 2025

**TABLE OF CONTENTS**

Introduction ................................................................................................................... 1

Argument ...................................................................................................................... 1

I.      New Zealand is an available and adequate forum. ............................................. 1

II.     Ms. Palmer's residence does not require this Court to defer to Plaintiff's choice of this
        forum, which is not her "home forum." ................................................................. 3

III.    New Zealand is a more convenient and appropriate forum. ............................................. 3

        A.      Proceeding in New Zealand would be more convenient and efficient for the Parties,
                witnesses, and courts. ....................................................................................... 3

        B.      New Zealand has a strong interest in addressing this dispute arising from alleged
                sexual assaults in New Zealand of a New Zealand citizen by a New Zealand
                resident. ................................................................................................................. 4

Conclusion ...................................................................................................................... 5

Certificate of Service ........................................................................................................ 6

i

## INTRODUCTION

In dismissing civil actions for *forum non conveniens*, courts have consistently concluded that New Zealand is the most appropriate forum for disputes about conduct that allegedly occurred there. *See, e.g.*, *Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2011) (plane crash in New Zealand). Indeed, it appears that no court has ever found that New Zealand is an inadequate forum to address a wide variety of injury claims, including mental and physical injuries from alleged sexual assaults. Plaintiff Scarlett Palmer cites no such case, and Defendant Amanda Palmer has not found one. This Court should not be the first.

## ARGUMENT

### I.    New Zealand is an available and adequate forum.

Plaintiff does not dispute New Zealand is "available," because (1) as a citizen, she can seek remedies there and (2) Ms. Palmer consents to jurisdiction. Plaintiff argues only New Zealand is not "adequate," because it "bars claims for damages because of personal injury" and, specifically, "mental injury." D.E. 22 at 6-9. That is incorrect and, regardless, would be insufficient.[1]

New Zealand permits administrative claims for personal injuries, including certain "mental injuries," NZ Accident Compensation Act of 2001, §§ 20, 26, 27, and specifically, "mental injuries caused by certain criminal acts," *id.*, § 21, such "sexual violation," NZ Crimes Act of 1961, § 128B; *see* Declaration of David R.H. Jones ("Jones Decl."), ¶¶ 20-21, attached as Ex. A (filed in

---

[1] Plaintiff claims *Marriott v. Sedco Forex Int'l Resources*, 827 F. Supp. 59 (D. Mass. 1993), found England, India, and South Africa were inadequate because "they do not allow recovery of emotional distress damages." D.E. 22 at 7. That, however, is not what *Marriott* held. The case involved novel claims that seamen were exposed to HIV while working on an oil rig off the Indian coast. Denying the defendant's motion to dismiss for *forum non conveniens*, Judge Young ruled Indian courts lacked jurisdiction over "claims arising on the Indian continental shelf" and that the parties could not "create jurisdiction" by consent. 827 F. Supp. at 69. He also found South Africa and England lacked jurisdiction. *See id.* at 70. Here, in contrast, New Zealand has jurisdiction.

1

*Pavlovich v. Gaiman*, No. 2:25-cv-00078-jdp (W.D. Wis.)). Civil claims for money damages are displaced only if the administrative scheme provides alternative "cover," including compensation; therapeutic and rehabilitative services; and if needed, long-term assistance, such as financial and vocational support. Accordingly, in the no-fault New Zealand system, injured persons always have remedies for their losses. *See Lueck*, 236 F.3d at 1144-45. Plaintiff may not want those available remedies, D.E. 22 at 10, but that does not mean she "cannot" access them—or New Zealand offers "no remed[ies] at all." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).

In addition, as Plaintiff and her expert concede, New Zealand allows civil claims for "exemplary damages," a form of punitive damages for outrageous conduct. D.E. 22-1, ¶¶ 2.17; *see* Ex. A, ¶¶ 22-29. New Zealand also criminalizes sexual assault, domestic abuse, and even sex trafficking (albeit with different terminology, *see* NZ Crimes Act of 1961, § 98D), and under those laws, Plaintiff could receive "reparations" from Ms. Palmer and Gaiman and "victim assistance" from the courts. D.E. 22-1, ¶¶ 1.3(a)(ii), 2.17 n.21, 2.31; *see* Ex. A, ¶¶ 31-32. To be clear, neither Plaintiff nor her expert claims that, in New Zealand, she would be "deprived of all remedies." *Curtis v. Galakatos*, 19 F.4th 41, 49 (1st Cir. 2021); *see* Ex. A, ¶ 14 ("[A] sexual assault complainant has redress available in both the criminal and civil jurisdictions in [New Zealand].").

Available remedies aside, Plaintiff claims New Zealand is "inadequate," because she would need to post "security." D.E. 22 at 8. That claim, which implicitly concedes Plaintiff can sue Ms. Palmer in New Zealand, misstates the law, which simply grants "discretion to require a plaintiff who is resident out of New Zealand to give security for anticipated costs." D.E. 22-1, Ex. 2, ¶ 2.37. Plaintiff asserts she "would not be able to provide security" but fails to support her assertion with any financial disclosures. *Id.*, Ex. 3, ¶ 17. Regardless, if a court ordered security, and if Plaintiff proved her inability to pay, Ms. Palmer would waive such protection under New Zealand law.

2

**II.    Ms. Palmer's residence does not require this Court to defer to Plaintiff's choice of this forum, which is not her own "home forum."**

Plaintiff admits that, because Massachusetts is not her "home forum," her choice to sue Ms. Palmer here is entitled to less deference. *See Sysco Mach. Corp. v. Cymtek Sols., Inc.*, 124 F.4th 32, 37 (1st Cir. 2024). Nevertheless, she argues that, because Ms. Palmer lives in Massachusetts, her choice may "still [be] entitled to some deference." D.E. 22 at 11-12.

Given the factors that favor New Zealand, it is not necessary to calibrate the precise degree of deference due, but it is worth noting Plaintiff mischaracterizes *Thompson Information Services v. British Telecom*, 940 F. Supp. 20 (D. Mass. 1996), in which Judge Tauro allowed a motion to dismiss for *forum non conveniens*. Plaintiff selectively quotes from his decision, omitting the bolded language below:

> "The deference accorded the plaintiff's choice of forum is enhanced when the plaintiff has chosen a forum in which the defendant maintains a substantial presence." *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1354 (1st Cir. 1992) ("*Mercier II*"). **Nonetheless, the deference due to an American plaintiff's selection of an available American forum is not absolute, for "forum non conveniens is a 'flexible, practical' doctrine, *Howe v. Goldcorp Invs., Inc.*, 946 F.2d 944, 950 (1st Cir. 1991), not subject to a ritualistic application." *Mercier II*, 981 F.2d at 1354.**

*Id.* at 24 (cleaned up). If Thompson, an American company, was not entitled to sue in an American court against a defendant with a substantial American presence, *a fortiori* Plaintiff, a New Zealand citizen and Scotland resident, should not be permitted to proceed here.

**III.    New Zealand is a more convenient and appropriate forum.**

**A.    Proceeding in New Zealand would be more convenient and efficient for the Parties, witnesses, and courts.**

Plaintiff argues Massachusetts would be the most convenient forum for a dispute between Plaintiff, New Zealand citizen (who lives in Scotland); Ms. Palmer, a U.S. citizen (who lives in Massachusetts); and Gaiman, a U.K. citizen (who lives in England or Wisconsin) about alleged

assaults in New Zealand. D.E. 22 at 12-17. But Plaintiff fails to identify any witness (aside from

Ms. Palmer, who consents to jurisdiction in New Zealand) or evidence located here. Even Gaiman,

the only other witness who may live in the United States, is beyond this Court's subpoena power.

Focusing narrowly on the three "key witnesses," Plaintiff contends Massachusetts would

be more convenient for herself, Ms. Palmer, and Gaiman. *Id.* at 13. Her claim turns largely flight

times, ticket prices, and time zones. But even if there were some marginal benefit to Plaintiff, who

insists it would be easier and cheaper to travel between Scotland and the United States than New

Zealand, such potential differences obscure the bigger picture: everyone else who knows anything

about this case and all the relevant evidence is in New Zealand or can be made available there.

Plaintiff also invokes "judicial economy." *Id.* at 15; *see id.* at 19-20 (citing out-of-circuit

authority and re-framing claims about "judicial economy" as issue of "interests of justice"). That

argument rings hollow, given that Plaintiff filed three nearly identical actions against Ms. Palmer

in Massachusetts, New York, and Wisconsin, and she is now proceeding in a closely related action

against Gaiman in Wisconsin. The only efficient way to address in a single forum all of the issues

arising from Plaintiff's claims about Gaiman's sexual assaults is for all parties to proceed in New

Zealand, as both Ms. Palmer and Gaiman have agreed to do.

**B.     New Zealand has a strong interest in addressing this dispute arising from alleged sexual assaults in New Zealand of a New Zealand citizen by a New Zealand resident.**

Plaintiff asserts the United States has a greater interest than New Zealand in a dispute

arising from alleged sexual assaults in New Zealand of a New Zealand citizen by a New Zealand

resident. She claims the TVPA reflects a "public policy preference" that all sex trafficking claims

(and forced labor claims, for that matter) should be litigated in U.S. courts, even when the claims

involve alleged conduct between foreign parties in foreign countries. D.E. 22 at 7-8, 17-18. That

is not the law; Congress has never said so, and no court has endorsed that farfetched notion.

Plaintiff disregards the strong interest in "having localized controversies decided at home." *Sysco Mach. Corp.*, 124 F.4th at 38. That is why, for example, New Zealand was the appropriate forum for claims about a plane crash in New Zealand. *See Lueck*, 236 F.3d at 1147 (finding local interest was "extremely high"). It is also why courts routinely recognize that foreign countries have "strong interest[s] in regulating purported misconduct committed by [their] residents," *Intec USA LLC v. Engle*, 2005 U.S. Dist. LEXIS 33365, at *13 (N.D. Ill. Dec. 13, 2005), and "overwhelming interest[s]" in civil claims about alleged sexual assaults within their borders, *S.R.J. v. Marriott Int'l, Inc.*, 2022 U.S. Dist. LEXIS 191019, at *15-16 (W.D. Pa. Oct. 19, 2022).

*Roe v. Howard*, 917 F.3d 229 (4th Cir. 2019), did not question that fundamental principle. There, a U.S. government employee was found liable for obtaining forced labor on U.S. government property in Yemen. *Id.* at 244. No party argued the case should be heard in Yemen, and the Fourth Circuit did not even discuss *forum non conveniens*. The decision dealt with extra-territorial jurisdiction, which Ms. Palmer has addressed in another motion. D.E. 14-15. Even if this Court has jurisdiction over Plaintiff's claims, it should not entertain them, especially where New Zealand has an undisputed interest in having its own authorities address this local matter.

Nor does *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000), suggest Plaintiff's claims should be heard here. *Wiwa* involved ATCA claims by U.S. residents, not TVPA claims by a foreign resident. The decision to permit the claims to proceed in a U.S. court recognized that victims who suffer torture by foreign officials "cannot sue in the place where the torture occurred" and "would be endangered merely by returning." *Id.* at 104-06. No such obstacles prevent Plaintiff from seeking relief in New Zealand. Ms. Palmer and Gaiman are not New Zealand officials; they cannot control the New Zealand courts, and Plaintiff faces no danger there.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the entire Complaint.

5

Respectfully submitted,

**AMANDA PALMER**

By her attorneys,

*/s/ Daniel N. Marx*
Daniel N. Marx, Esq. (BBO#674523)
William W. Fick, Esq. (BBO#650562)
Amy Barsky, Esq. (BBO#601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
DMARX@FICKMARX.COM
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

Dated: June 26, 2025

## CERTIFICATE OF SERVICE

I certify that this document and any attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 26, 2025.

*/s/ Daniel N. Marx*
Daniel N. Marx