IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCARLETT PAVLOVICH,
    *Plaintiff*,

v.

AMANDA PALMER,
    *Defendant*.

No. 1:25-cv-10263-NMG

**DEFENDANT AMANDA PALMER'S NOTICE OF SUPPLEMENTAL AUTHORITY RE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [D.E. 12]**

Defendant Amanda Palmer submits this notice of supplemental authority in support of her motion to dismiss Plaintiff Scarlett Pavlovich's Complaint because it fails to state any claim upon which relief can be granted. D.E. 12 (motion), D.E. 13 (memorandum).

This case arises from allegations that, in early 2022, Plaintiff was sexually assaulted in New Zealand by Ms. Palmer's estranged husband, Neil Gaiman. At the time, Plaintiff briefly worked as a babysitter for Ms. Palmer and Gaiman, who lived in separate houses. Plaintiff asserts claims against Ms. Palmer for "sex trafficking" in violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1591.

As this Court is aware, Plaintiff brought parallel actions, based on the same allegations, against Ms. Palmer in this District and also against Gaiman in the District of Wisconsin. *See Pavlovich v. Gaiman*, No. 25-cv-78-jdp (W.D. Wisc.). The action against Gaiman in Wisconsin has been dismissed on the basis of *forum non conveniens. See id.*, D.E. 51 (order).[1]

---

[1] Shortly after the dismissal of the action against Gaiman, Ms. Palmer submitted a notice of supplemental authority in support of her pending motion to dismiss Plaintiff's Complaint on the basis of *forum non conveniens*. D.E. 16 (motion), D.E. 17 (memorandum), D.E. 29 (notice).

1

Recently, in *Doe v. Hilton Domestic Operating Co.*, No. 24-cv-13227, 2025 U.S. Dist. LEXIS 226548 (D. Mass. Nov. 18, 2025), Judge Saris addressed civil TVPA claims of "sex trafficking." There, the plaintiff claimed that, for several years, she had been forced to engage in prostitution at the Crosstown Hotel, a franchise of the Hilton Company. Although Judge Saris denied Crosstown's and Hilton's motions to dismiss, her analysis illustrates why Plaintiff's baseless TVPA claims against Ms. Palmer fail as a matter of law.

At a high level, *Doe* is a classic "sex trafficking" case, in which the plaintiff alleges that, through physical violence, mental abuse, and financial coercion, a pimp forced her (and other women) to engage in commercial sex at a Boston hotel. She seeks to hold the hotel responsible for making money while ignoring multiple "red flags" (*e.g.*, the plaintiff rented rooms with cash, her trafficker lingered around the hotel lobby or parking lot, and numerous customers visited for brief periods at unusual hours). In sharp contrast, here, Ms. Palmer faces allegations of "sex trafficking" simply because her ex-husband, who lived in a separate home, allegedly sexually assaulted Plaintiff during a brief period when Plaintiff babysat for the family in New Zealand.

First, as Judge Saris ruled in *Doe*, to state claim of beneficiary liability, a plaintiff must plausibly allege the existence of a "venture" that itself violated the TVPA. As Judge Saris noted, in this statutory context, a venture is a business or commercial enterprise. *See id.* at *13 (collecting cases); *see id.* at *15 (ruling plaintiff adequately alleged that Doe's trafficker and hotel had "continuous business relationship"). It cannot simply be a marriage (or other family relationship), as Plaintiff alleges here. An innocent spouse should not face TVPA claims based on the alleged sexual misconduct of their former partner.

Second, a plaintiff must also plausibly allege the purported beneficiary "participated" in the venture. But as Judge Saris ruled, "a defendant's mere failure to detect and prevent trafficking

2

does not constitute 'participation in a venture' with the trafficker." *Id.* Here, Plaintiff alleges that only Gaiman—*not Ms. Palmer*—sexually assaulted her at Gaiman's home and in a hotel. Plaintiff does not allege Ms. Palmer arranged, was present during, or participated in any alleged incidents.

Finally, "[w]hile actual knowledge is not required" for beneficiary liability, "the defendant 'must have had at least constructive knowledge that the "venture" in question had engaged in' criminal sex trafficking." *Id.* at *15 (quoting *G.G. v. Salesforce.com*, 76 F.4th 553, 555 (7th Cir. 2023)). That means, the plaintiff must allege the defendant knew "the venture was 'engaged in trafficking, not just in any illegal activity.'" *Id.* (quoting *Mueller v. Deutsche Bank*, 777 F. Supp. 3d 329, 339 (S.D.N.Y. 2025)). Here, however, Plaintiff fails to allege Ms. Palmer knew Gaiman assaulted Plaintiff. And even that would be insufficient, because Plaintiff also fails to allege Ms. Palmer knew about any "commercial sex," as the TVPA requires.

Ms. Palmer is merely the estranged wife of man who has been accused of horrible sexual misconduct with the family's former babysitter. Ms. Palmer is not a "sex trafficker," and as *Doe* makes clear, Plaintiff fails to allege any plausible violation of the TVPA against Ms. Palmer.

Respectfully submitted,

**AMANDA PALMER**

By her attorneys,

*Daniel N. Marx*
Daniel N. Marx, Esq. (BBO#674523)
William W. Fick, Esq. (BBO #650562)
Amy Barsky, Esq. (BBO#601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
DMARX@FICKMARX.COM
WFICK@FICKMARX.COM
ABARSKY@FICKMARX.COM

Dated: December 11, 2025

3

## **CERTIFICATE OF SERVICE**

      I certify that this document and any attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 11, 2025.

                                       */s/ Daniel N. Marx*
                                       Daniel N. Marx