IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCARLETT PAVLOVICH,

    Plaintiff,

-against-

AMANDA PALMER,

    Defendant.

C.A. NO. 1:25-CV-10263F

**PLAINTIFF SCARLETT PAVLOVICH'S RESPONSE TO DEFENDANT'S "NOTICE OF SUPPLEMENTAL AUTHORITY"**

Plaintiff Scarlett Pavolovich respectfully submits this Response to Defendant's "Notice of Supplemental Authority Re Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [D.E. 12.]." (Dkt. 30).

Defendant's purported Notice of Supplemental Authority improperly engages in legal argument, which the Court should disregard. *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021). Nor is it subsequent legal authority at all, as *Doe* did not rule on the proper definition of "venture" but merely held that the conduct alleged in *Doe* qualified under any definition of "venture." *Doe (J.R.L.) v. Hilton Domestic Operating Co. Inc.*, No. 24-CV-13227-PBS, 2025 WL 3215615, at *5 (D. Mass. Nov. 18, 2025). It is difficult to see how that fact-specific holding could be relevant to the Court's determination of whether Defendant's alleged conduct - procuring Scarlett for Gaiman knowing he would sexually abuse her, jointly hiring Scarlett together with Gaiman to nanny for their child, and failing (together with Gaiman) to pay Scarlett for that work, knowing that doing so would leave Scarlett trapped for Gaiman to abuse - constitutes participation in a venture as required by the statute. (Indeed, Gaiman has now asserted, in his Seventh Circuit brief, that Palmer ***specifically and deliberately*** (and, of course, falsely) identified Scarlett to him as

1

someone who "wanted" to have sex with him). Perhaps for that reason, Palmer misrepresented *Doe* as holding that "in this statutory context, a venture is a business or commercial enterprise," D.I. 30 at 2, though *Doe* **expressly** noted the opposite: "A neighboring statutory section defines 'venture' as 'any group of two or more individuals associated in fact.' 18 U.S.C. § 1591(e)(6). The First Circuit has used this definition to analyze a claim of civil liability under the TVPRA." *Doe*, 2025 WL 3215615, at *5 n. 3, *citing Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017). Nor was that Palmer's only misrepresentation of *Doe*. To the extent that the Court is inclined to consider Palmer's improper legal argument rather than disregard it, Plaintiff requests leave to respond to it with a supplemental brief, of equal length, addressing *Doe*.

Respectfully submitted,

By: __/s/ *Mitchell J. Matorin*__
Mitchell J. Matorin (BBO# 649304)
MATORIN LAW OFFICE, LLC
18 Grove Street, Suite 5
Wellesley, MA 02482
Tel: (781) 453-0100
mmatorin@matorinlawoffice.com

Thomas Neville (admitted *pro hac vice*)
Dylan Schmeyer (admitted *pro hac vice*)
Akiva M. Cohen (admitted *pro hac vice*)
KAMERMAN UNCYK SONIKER &
 KLEIN P.C.
1700 Broadway
New York, New York 10019
Tel: (212) 400-4930
tneville@kusklaw.com
dschmeyer@kusklaw.com
acohen@kusklaw.com

*Attorneys for Plaintiff*

Dated: December 26, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2025, a true and correct copy of the foregoing document was filed through the CM/ECF portal, which will send electronic notification of this filing to all counsel of record in the present action.

*/s/ Mitchell J. Matorin*
Mitchell J. Matorin